# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

AMERICAN CAR RENTAL ASSOCIATION, a District
of Columbia corporation,

      Plaintiff,

v.

HEIDI HUMPHREYS, in her official capacity as
Executive Director of the Colorado Department of
Revenue,

SHOSHANA LEW, in her official capacity as the
Executive Director of the Colorado Department of
Transportation,

KAREN STUART, in her official capacity as the Chair of
the Colorado High-Performance Transportation
Enterprise,

      Defendants.

---

## COMPLAINT FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTION

---

The American Car Rental Association ("ACRA") files this complaint against Heidi

Humphreys, in her official capacity as Executive Director of the Colorado Department of Revenue

("CDOR"), Shoshana Lew, in her official capacity as the Executive Director of the Colorado

Department of Transportation ("CDOT"), and Karen Stuart, in her official capacity as the Chair of

the Colorado High-Performance Transportation Enterprise ("HPTE"), also known as the Colorado

Transportation Investment Office.

## A.  INTRODUCTION

1.          On May 17, 2024, Colorado Governor Jared Polis signed S.B. 24-184, which imposes a "Congestion Impact Fee" (the "Fee") on short-term vehicle rentals within the state, beginning January 1, 2025. 2024 Colorado Laws, Chapter 186 (codified at Colo. Stat. § 43–4–806 *et. seq*) (the "Act").

2.          The Fee facially violates the Anti-Head Tax Act ("AHTA") and FAA Reauthorization Act, which are federal statutes that limit the ability of states, including Colorado, to tax vehicle rentals at airports. 49 U.S.C. § 40116(d), (d)(2)(A)(v).

3.          Plaintiff seeks a declaration that the Fee is illegal, and a permanent injunction enjoining Defendants from enforcing the Fee.

## B.  PARTIES

4.          Plaintiff ACRA is a District of Columbia non-profit corporation with a principal address of  3120 Fairview Park Drive, Suite 420, Falls Church, VA 22042. The purpose of ACRA is to help drive growth and innovation in mobility services by, for example, monitoring legal, public policy and legislative issues affecting members. ACRA's members include car rental businesses that operate in Colorado among other jurisdictions.  ACRA advances the interests of its members by participating in the legislative and regulatory process and serving as a voice for the car rental industry.

5.          Defendant Heidi Humphreys is the Executive Director of CDOR, an agency of the State of Colorado that is primarily responsible for collecting, administering and enforcing the Fee.

6.      Defendant Shoshana Lew is the Executive Director of CDOT, an agency of the State of Colorado that has authority for directing the activities of HPTE.

7.      Defendant Karen Stuart is the Chair of HPTE, a government-owned business within CDOT that imposes the Fee and is authorized to spend revenues raised by the Fee.

## C.  JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the Constitution and laws of the United States.

9.      Jurisdiction is further conferred upon this Court by 28 U.S.C. §§ 1343(a)(3) and (4).

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because CDOT, CDOR and HPTE are agencies or instrumentalities of the State of Colorado and with their principal operations in this judicial district.

11.     In enforcing the Act, CDOT, HPTE, CDOR and their officers, agents, and employees will act under color of law and will affect the custom, policy, and laws of the State of Colorado.

12.     The granting of declaratory relief will serve to terminate the uncertainty or controversy with respect to Plaintiff.

## D.  FACTS

13.     On May 17, 2024, Colorado Governor Jared Polis signed S.B. 24-184, which imposes a new user fee on short-term vehicle rentals beginning January 1, 2025.

14.      The Fee is imposed at a maximum amount of up to $3 per day and projected to generate approximately $147 million over its first three years. Colorado Legislative Council Staff Fiscal Note for S.B. 24-184, Table 2 (Aug. 5, 2024).

15.      The Fee is collected and paid by car rental businesses located at a commercial service airport or operating as a permittee of such an airport.

16.      The Fee is collected by the CDOR in the same manner as the state's existing Daily Vehicle Rental Fee imposed under Colo. Stat. § 43-4-804(1)(b)(I)(A) and then forwarded to the state Treasurer for distribution to the transportation special fund.

17.      The Fee is to be imposed by HPTE.  The HPTE is operated as a business within CDOT with a mission to "actively seek out opportunities for public-private partnerships for the purpose of completing surface transportation infrastructure projects." Colo. Stat. § 43-4-806(1)(c). "Surface transportation infrastructure" means a highway, a bridge other than a designated bridge, or any other infrastructure, facility, or equipment used primarily or in large part to transport people on systems that operate on or are affixed to the ground. Colo. Stat. § 43-4-803(22).

18.      The HPTE may expend moneys in the transportation special fund for a variety of non-aeronautical purposes, such as to pay bond obligations, to fund surface transportation infrastructure projects, and for the acquisition of land to the extent required in connection with any surface transportation infrastructure project. *See generally*, Colo. Stat. § 43-4-806.

19.      The Act also contains legislative declarations that tie the HPTE's creation of "diverse multimodal transportation options" to a reduction in road traffic congestion and the degradation of existing surface transportation infrastructure, with a stated goal of obtaining federal

matching funds.  The Bill's legislative declarations specifically state that the funds derived from the Fee "are imposed for the specific purpose of allowing the Transportation Enterprise to defray the costs of completing, operating, and maintaining the surface transportation infrastructure network."

20.      There is no provision requiring the Fee collected at airports to be used for airport or aeronautical purposes.

21.      The Fee is effective January 1, 2025.

22.      Plaintiff's members include car rental companies required to collect the Fee from their customers at commercial service airports or operating as a permittee of such an airport.

23.      The failure to collect the Fee can result in civil and criminal penalties against the car rental companies and their officers.

## E.  COUNT ONE: DECLARATORY RELIEF TO ENFORCE RIGHTS SECURED BY THE AHTA AND THE FAA REAUTHORIZATION ACT (42. U.S.C. § 1983).

24.      Plaintiff hereby incorporates allegations set forth in paragraphs 1 through 23, above, as if fully set forth herein.

25.      The AHTA and FAA Reauthorization Act grant Plaintiff's members and their customers the right to be free from the Fees.

26.      An action to enforce rights secured under the AHTA and the FAA Reauthorization Act can be maintained under 42 U.S.C § 1983.  *See Southwest Air Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162 (10th Cir., 2001).

27.     Under the AHTA as modified by the FAA Reauthorization Act, 49 U.S.C. § 40116(d)(2)(A)(iv),  a state cannot impose a fee that: (i) first takes effect after October 5, 2018; (ii) is levied or collected "upon any business located at a commercial service airport or operating as a permittee of such an airport"; (iii) "is not generally imposed on sales or services by that State, political subdivision, or authority"; and (iv) does not provide that the proceeds thereof are "wholly utilized for airport or aeronautical purposes."

28.     The Fee is preempted by the AHTA and FAA Reauthorization Act because (i) it is a new fee that takes effect on January 1, 2025, which is after October 5, 2018; (ii) the Fee applies to car rental businesses operating as permittees at commercial airports; (iii) the Fee is not generally imposed on other services; and (iv) the proceeds of the Fee are used for non-airport and non-aeronautical purposes. Specifically, the Fee's enacting legislation directs the proceeds from the Fee to be used by the HPTE, which is tasked with developing "surface transportation infrastructure," namely a proposed new statewide train and bus network unrelated to air travel.

29.     As the State officials charged with the enforcement of the Fee, including possible penalties for noncompliance, Defendants are liable pursuant to 42 U.S.C. § 1983 for the deprivation of rights secured by the AHTA and the FAA Reauthorization Act.

30.     An actual controversy exists between the parties regarding the issues set forth hereinabove.

31.     Plaintiff requests a declaration that the Fee is invalid and that it violates rights secured under the AHTA and the FAA Reauthorization Act.

32.     Declaratory Relief is warranted because:

6

a.   If this Court grants a declaratory judgment in this case, it will serve to clarify and settle the legal relations in issue and terminate the uncertainty giving rise to this proceeding.

b.   Antagonistic claims are present between Plaintiff and Defendants which indicate imminent and inevitable litigation and potential civil and criminal penalties.

c.   Plaintiff attacks the statutory scheme of the Fee in its entirety as facially invalid.

d.   Plaintiff's challenge to the Fee does not involve factual exploration.

e.   Plaintiff is not barred from bringing this action by the nature of an alternative, exclusive administrative remedy as none currently exists.

f.   Defendants are unable to afford relief to the Plaintiff on non-constitutional grounds.

**F.  COUNT TWO: INJUNCTIVE RELIEF TO ENFORCE RIGHTS SECURED BY THE AHTA, AND THE FAA REAUTHORIZATION ACT (42. U.S.C. § 1983).**

33.      Plaintiff hereby incorporates allegations set forth in paragraphs 1 through 32, above, as if fully set forth herein.

34.      The Fee is illegal for the reasons set forth above.

35.      Plaintiff's members will suffer harm unless a permanent injunction is issued because they will be forced to collect an illegal fee from their customers or face civil and criminal penalties.

36.      A permanent injunction is also in the public interest because it will prevent the State from enforcing an illegal Fee.

**G.  PRAYER FOR RELIEF**

37.       WHEREFORE, based on the foregoing, Plaintiff respectfully requests that this court grant the following relief:

a.  A declaration that the Fee violates AHTA and the FAA Reauthorization Act on its face;

b.  A final judgment in favor of Plaintiff permanently enjoining Defendants from implementing and enforcing the Fee;

c.  An award of Plaintiff's attorneys' fees and costs under 42 U.S.C. § 1988; and

d.  Any other relief as the Court deems just and proper.

DATED this 5th day of September 2024.


s/ Jeffrey A. Friedman
Jeffrey A. Friedman
Daniel H. Schlueter
Eversheds Sutherland (US) LLP
700 Sixth Street, NW, Suite 700
Washington, DC 20001
Telephone:  202.383.0718
FAX:  202.637.3593
Email: jefffriedman@eversheds-sutherland.com
          danschlueter@eversheds-sutherland.com

Attorneys for Plaintiff
American Car Rental Association